

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10281-1022

JOSHUA R. GELLER
(212) 336-9101
gellerj@sec.gov

October 10, 2018

**BY ECF**

The Honorable I. Leo Glasser
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *SEC v. Philip Thomas Kueber,* Case No. 15-cv-04479 (ILG) (RER)

Dear Judge Glasser:

Plaintiff Securities and Exchange Commission and defendant Philip Kueber respectfully submit this joint letter seeking approval of the parties' settlement. As reflected in the attached settlement papers, the proposed consent judgment would (1) enjoin Kueber from violating the relevant anti-fraud provisions of the federal securities laws; (2) prohibit Kueber from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Securities Exchange Act of 1934 ("Exchange Act") or that is required to file reports pursuant to Section 15(d) of the Exchange Act; (3) bar Kueber from participating in any offering of penny stock; and (4) not impose a civil monetary penalty. This proposed settlement is fair and reasonable, particularly in light of Kueber's guilty plea and sentencing in his parallel criminal proceeding, *United States v. Bandfield et al.*, No. 14-cr-476 (ILG).

**I.    Procedural History**

On July 31, 2015, the Commission filed its Complaint against Kueber. (No. 1.)[1] The Complaint alleges that Kueber orchestrated a fraudulent investment scheme, through microcap issuer Cynk Technology Corp. ("Cynk"), in which Kueber concealed his control of Cynk and its purportedly non-restricted securities through nominees. Although Cynk's stock surged on July 10, 2014 to a high of more than $21 per share (despite Cynk's lack of any assets or operations), Kueber was thwarted from profiting from his scheme due to the Commission's July 11, 2014 Order suspending trading in the securities of Cynk (the "Trading Suspension").

The Complaint alleges that Kueber violated Sections 17(a)(1) and (3) of the Securities Act of 1933 ("Securities Act"), Section 10(b) of the Exchange Act, and Rules l0b-5(a) and (c) thereunder. The Complaint therefore seeks an injunction against Kueber from future violations of Sections 17(a) and 10(b) and Rule 10b-5, a permanent officer-and-director bar, a permanent penny stock bar, and a civil

---

[1] "No." means the ECF docket entry number for documents entered on this action's docket. "Criminal No." means the ECF docket entry number for documents in the parallel criminal action.

October 10, 2018
Hon. I. Leo Glasser
Page 2

money penalty. The Complaint does not seek disgorgement because the Trading Suspension prevented Kueber from earning any ill-gotten gains from the conduct alleged in the Complaint.

On July 31, 2015, the day the Commission filed its Complaint, the Office of the United States Attorney for the Eastern District of New York ("U.S. Attorney") filed a superseding indictment in *United States v. Bandfield et al.* charging Kueber with conspiracy to commit securities fraud, substantive securities fraud, and money laundering conspiracy. (Criminal No. 32.) The indictment charged Kueber with essentially the same conduct alleged in the Commission's Complaint, as well as other unlawful conduct. On October 21, 2015, based on the U.S. Attorney's motion, this Court ordered the Commission's case against Kueber stayed pending resolution of the Criminal Action. (No. 11.)

On September 24, 2015, Kueber entered a plea of guilty to the superseding indictment's charges of conspiracy to commit securities fraud and money laundering conspiracy. (Criminal No. 55.) Concurrent with his guilty plea, Kueber consented to entry of a judgment that required him to forfeit $1.2 million. On December 8, 2017, this Court sentenced Kueber to three years of probation and a $200 criminal assessment. The September 2015 order of forfeiture was incorporated into the judgment against Kueber.

On August 16, 2018, the U.S. Attorney requested that the Court vacate its October 21, 2015 order staying the Commission's case. (No. 12.) On the same date, the Commission staff informed the Court that the Commission staff and Kueber had reached a settlement in principle that, if approved by the Commission and the Court, would resolve all the Commission's claims in this action. (No. 13).That day, the Court vacated the stay order. (No. 14). The Commission has recently approved the proposed settlement.

## II.     The Proposed Settlement Is Fair and Reasonable.

"[T]he proper standard for reviewing a proposed consent judgment involving an enforcement agency requires that the district court determine whether the proposed consent decree is fair and reasonable, with the additional requirement that the public interest would not be disserved,… in the event that the consent decree includes injunctive relief." *SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285, 294 (2d Cir. 2014) (internal quotation marks and citations omitted). The terms of the proposed judgment meet this standard.

An injunction against future violations of the relevant anti-fraud provisions, a permanent officer-and-director bar, and a penny stock bar are fair, reasonable, and in the public interest. "The job of determining whether the proposed S.E.C. consent decree best serves the public interest…rests squarely with the S.E.C., and its decision merits significant deference." *Id.* at 296. Here, Kueber should be enjoined from committing securities fraud and barred from serving as an officer or director and from participating in a penny stock offering in order to protect the investing public, because "the commission of past illegal conduct is highly suggestive of the likelihood of future violations" as a matter of law. *SEC v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 807 (2d Cir. 1975). Congress has expressly authorized the remedies that the proposed judgment would impose. *See* 15 U.S.C. §§ 77t(b), 77t(g), 78u(d) & 78u(d)(2).

Finally, not imposing a civil monetary penalty in this settled resolution is also fair and reasonable. Under these circumstances, Kueber's criminal conviction and sentence—including entry of a criminal

October 10, 2018
Hon. I. Leo Glasser
Page 3

judgment requiring Kueber to forfeit $1.2 million—will provide appropriate punishment and deterrence. *See SEC v. Opulentica, LLC,* 479 F. Supp. 2d 319, 331 (S.D.N.Y. 2007) ("Civil penalties are designed to punish the individual violator and deter future violations of the securities laws.").

For these reasons, the Court should approve the attached proposed consent judgment.

                        Respectfully submitted,

                        /s/ Joshua R. Geller

                        Joshua R. Geller
                        Staff Attorney

cc:    Counsel for Defendant Philip Kueber (by ECF and email)
       Assistant U.S. Attorney Michael Keilty (by ECF and email)