UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>v.<br><br>PHILIP THOMAS KUEBER,<br><br>                              Defendant. | C.A. No. 15-4479 (ILG) |

**CONSENT OF DEFENDANT PHILIP THOMAS KUEBER**

1.  Defendant Philip Thomas Kueber ("Defendant") acknowledges having waived service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.  Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action. Specifically, in *United States v. Bandfield et al.*, Crim. No. 14-476 (E.D.N.Y.), Defendant pleaded guilty to violations of Title 18, United States Code, Sections 371 and 1956(h). In connection with that plea, Defendant admitted that during the period 2009 to 2014, he agreed with several other people to manipulate stock prices of various corporations, artificially inflated stock prices by various methods, and sold the stock for profit. This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in *United States v. Bandfield et al.*

3.  Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a)     permanently restrains and enjoins Defendant from violation of Section

17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

(b) prohibits Defendant from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]; and

(c) bars Defendant from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and

hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant understands and agrees to comply with the terms of 17 C.F.R.

§ 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the guilty plea for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations,; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: March 23, 2018

_____
Philip Thomas Kueber

On  March 23  , 2018, Philip Thomas Kueber, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Jesús Agustin Noriega Loya, Esq.
Notary Public
Commission expires: My commission is unlimited as to time.

Approved as to form:

_____
Stanley I. Greenberg, Esq.
11845 W. Olympic Boulevard
Suite 1000
Los Angeles, CA 90064
Office: (424) 248-6600
Email: Stanmanlaw@aol.com
Attorney for Defendant Philip Thomas Kueber

6

- - - El suscrito **Licenciado JESÚS AGUSTÍN NORIEGA LOYA**, Notario Público número 218 doscientos dieciocho en el Estado, con ejercicio en esta Municipalidad y residencia en esta ciudad, **HAGO CONSTAR** que ante mí ratificó el contenido y firma del documento que antecede el señor **PHILIP THOMAS KUEBER**, quien por sus generales manifestó ser: -------
- - - El señor **PHILIP THOMAS KUEBER** manifiesta bajo protesta de decir verdad, que la firma estampada ante el Suscrito, es la misma que utiliza en todos sus actos tanto públicos como privados y por sus generales manifestó ser: de nacionalidad canadiense, acreditando su estadía en el país con la Forma Migratoria Múltiple número 01 127353281 (cero uno uno dos siete tres cinco tres dos ocho uno) con sello estampado de fecha de entrada al país el día 21 (veintiuno) de marzo de 2018 (dos mil dieciocho) por el Instituto Nacional de Migración de la Secretaría de Gobernación de los Estados Unidos Mexicanos, soltero, desarrollador, originario de Calgary, Alberta, Canadá, con fecha de nacimiento el 26 (veintiséis) de Mayo de 1961 (mil novecientos sesenta y uno), con domicilio en calle Belisario Domínguez número 1211 (mil doscientos once), Colonia Centro, en la ciudad de Mazatlán, Sinaloa, quien se identifica con pasaporte número HM494423 (H M cuatro nueve cuatro cuatro dos tres) expedido con fecha 17 (diecisiete) de agosto de 2017 (dos mil diecisiete) con fecha de vencimiento el 17 (diecisiete) de agosto de 2027 (dos mil veintisiete) por el Gobierno de Canadá.-----------------------------------------------------------------------------------------
- - - La citada documentación doy fe de haberla tenido a la vista, la cual devolví al interesado por manifestar necesitarla para otros usos de su identificación, obteniéndose copia certificada del documento con el que se identifica para los efectos legales a que haya lugar.--------------------------------------------------------------------------------------------------------------
- - - Subsecuentemente, manifiesta el señor **PHILIP THOMAS KUEBER** que en lo personal se encuentra al corriente en el pago del Impuesto Federal Sobre la Renta sin acreditármelo, por lo que le hice el apercibimiento conforme a la Ley.------------------------------------------------
- - - Por otra parte, el suscrito Notario hace constar que para dar cumplimiento a la Ley Federal de Protección de Datos Personales en Posesión de los Particulares, en cuanto a la forma de obtener, usar, almacenar y tratar sus datos personales, informó y entregó al compareciente, previo a la firma del documento que antecede, el **AVISO DE PRIVACIDAD** de esta Notaría, quien lo aceptó en todos su términos.------------------------------------------
- - - Asimismo, el suscrito Notario hace constar que la presente certificación versa únicamente sobre la identidad y capacidad legal del compareciente y no prejuzga en manera alguna sobre el contenido del documento que se ratifica, por no haber intervenido en su elaboración y redacción y consiguientemente no asume responsabilidad alguna al respecto.-
- - - El Rosario, Municipio de Rosario, Sinaloa, México, el día 23 (veintitrés) del mes de Marzo del año 2018 (dos mil dieciocho).- **DOY FE.-**



**LIC. JESÚS AGUSTÍN NORIEGA LOYA**
**NOTARIO PÚBLICO NO. 218**
**NOLJ-780615-DR6**